*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-658**

IN RE STUART R. BLATT
A Member of the Bar of the
District of Columbia Court of Appeals

**2019 DDN 138**

**Bar Registration No. 944405**

BEFORE: Thompson and Easterly, Associate Judges, and Steadman, Senior Judge.

## O R D E R
(FILED — December 19, 2019)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction; this court's August 2, 2019, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel; respondent's response to the show cause order and his reply to Disciplinary Counsel's statement; and respondent's D.C. Bar R. XI, §14(g) affidavit filed on August 30, 2019, it is

ORDERED that Stuart R. Blatt is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to August 30, 2019. Respondent was disbarred by the state of Maryland after he was found to have dishonestly misappropriated entrusted funds in violation of Rule 8.4(c) and this court would disbar a member for a similar violation in this jurisdiction. *See, e.g., In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc). Further, to the extent respondent filed a response to the court's order urging this court to not impose identical reciprocal discipline, he failed to demonstrate that any of the exceptions outlined in D.C. Bar R. XI, § 11(c) apply. Finally, to the extent that respondent attempts to relitigate the

No. 19-BG-658

findings of the state of Maryland, he is precluded from doing so in a reciprocal disciplinary matter. *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003).

## PER CURIAM